[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Silvina Lopes brings this action against her former landlord, defendant Sid Ironson, a/k/a Adriano Sidiropoulos, for damages resultant from his alleged violation of certain provisions of the parties' rent-assisted written leasing contract, as well as for alleged violations of certain statutes. This action is presented in four counts.
In Count One the plaintiff claims that she entered into a written lease whereby she became a tenant and the defendant a landlord for premises known as 565 Columbus Avenue in New Haven, Connecticut, from October 1, 1992, until approximately September 8, 1992. Under the terms of the lease the plaintiff was obligated to pay $78.00 monthly (the tenant's portion), and the Community Action Agency of New Haven, Inc. was obligated to pay $672.00 monthly, for an aggregate monthly rent of $750.00. The plaintiff claims that the defendant breached the lease by requiring her to make side payments of $72.00 per month from October of 1990 through September of 1992.
In the Second Count the plaintiff alleges, interCT Page 7428alia, that the defendant entered into a state Rental Assistance Contract with the Community Action Agency of New Haven, Inc. under which the agency became obligated to make the aforesaid $672.00 monthly rental assistance payment on her behalf. The rental assistance contract states in pertinent part that the tenant's portion of the rental payment, characterized in the contract as the "family contribution," is the maximum amount which the defendant can charge the tenant. The rental assistance contract further provides that the owner's endorsement of the rental assistance checks constitutes certification that ". . . except for the rental assistance payment and the family contribution . . . the owner [defendant] has not received and will not receive any payments or other consideration (from the family. . .) as rent for the dwelling unit."
In the Third Count plaintiff Silvina Lopes sets out a claim that the defendant violated the Connecticut Security Deposit Statute, Conn. Gen. Stat. § 47a-21 etseq. by collecting a deposit more than twice the monthly rental amount, and by not placing in escrow and later returning to her the security deposit, plus interest. In the Fourth Count the plaintiff claim that the defendant's actions set out in the First through Third Counts constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b.
The plaintiff seeks compensatory and punitive damages, plus attorney's fees.
The defendant denies the material claims set out in the plaintiff's complaint. In addition, the defendant has filed three Special Defenses in which he asserts that 1) the plaintiff's claims are barred by subsequent agreements and actions of the parties; 2) the plaintiff's claims relative to the return of the security deposit are barred since she damaged his property and did not provide him with a forwarding address; and 3) the plaintiff's claims legally have been waived. Furthermore, the defendant has filed a Counterclaim in two counts in which he asserts a complaint for money damages resultant allegedly from 1) physical damages to the leased premises; and 2) the plaintiff promising and intentionally failing to make supplemental payments. CT Page 7429
According to the defendant, the latter defalcation constitutes a violation of the Connecticut Unfair Trade Practices Act.
Having heard and reviewed the evidence presented, as well as the arguments of counsel, the Court finds that the evidence adduced by the plaintiff is credible and that the evidence adduced by the defendant lacks credibility. The Court finds that the plaintiff has proved her case on all counts. The Court finds against the defendant on his counterclaim. The Court awards to the plaintiff the following:
 a) $1,656.00 as compensatory damages for rental overpayments;
 b) $3,300.00 as double the amount of her security deposit;
 c) $300.00 as compensatory damages for emotional distress;
d) $1,000.00 as punitive damages; and
e) a reasonable attorney's fee.
The Court hereby schedules a hearing for June 27, 1995 at 11:00 a.m. in Courtroom 6, Superior Court, 121 Elm Street, New Haven, Connecticut, for the purpose of determining the amount of the attorney's fee which should be awarded to the plaintiff in this case.
Clarance J. Jones, Judge